IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN M. HULLETT and <br> RONALD HULLETT, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 17 C 6914 |
| SANDRA CULBERTSON, M.D., <br> THE UNIVERSITY OF CHICAGO <br> MEDICAL CENTER, PALOS <br> COMMUNITY HOSPITAL, ETHICON, <br> INC., ETHICON US, LLC, and <br> JOHNSON & JOHNSON, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In May 2013, Ann Hullett had surgery that included implantation of Gynecare mesh. She alleges that the mesh later migrated and disintegrated, causing injury and requiring further surgery. Hullett and her husband (collectively Hullett) filed a lawsuit in state court against Dr. Sandra Culbertson, who performed the 2013 surgery, as well as the University of Chicago Medical Center and Palos Community Hospital, which employed Culbertson (collectively the medical defendants). Hullett later amended her complaint to add as defendants Ethicon Inc., Ethicon US, LLC, and Johnson & Johnson (collectively Ethicon), which manufactured and designed the mesh product.

Ethicon removed the case to federal court, alleging "complete diversity among all properly joined and served parties." Not. of Removal at 1. Both Hullett and the medical defendants are Illinois citizens, but Ethicon alleges that they are improperly joined in

Hullett's suit against Ethicon. After removing the case, Ethicon moved to sever the claims against it from those against the medical defendants. Both Hullett and the medical defendants object, and both ask the Court to remand the case to state court due to lack of complete diversity of citizenship.

Ethicon argues that severance is appropriate because Hullett's claims against the medical defendants are improperly misjoined with the claims against Ethicon, or because the medical defendants are not necessary parties with respect to Hullett's claims against Ethicon.

The claims against the two groups of defendants are properly joined. Under Federal Rule of Civil Procedure 20(a), joinder of defendants is proper if the claims against them arise from the same transaction, occurrence, or series of transactions or occurrences, and a question of law or fact common to all defendants will arise during the course of the suit. All of Hullett's claims arise from the implantation of the Gynecare mesh during her first surgery and the after-effects of that surgery. It is too early to say what, if anything, went wrong, but the possibilities include a defective product, deficient instructions regarding its implantation, medical negligence in connection with its implantation, or some combination of these factors. And at this point, there is a reasonably significant likelihood that Ethicon will contend that any problem resulted from the manner in which the surgeon implanted the mesh and that the medical defendants will contend that any problem resulted from the condition of the mesh or the instructions on how to implant it. There is, therefore, a logical relationship between the claims against the two groups of defendants, which is sufficient to establish that the claims against them arise from the same transaction or occurrence. And these same

2

considerations establish that there are many common factual questions. For these reasons, the requirements of Rule 20(a) are met, and it was proper for Hullett to join her claims against the two groups of defendants. *See, e.g., Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470 (7th Cir. 2011) (construing "transaction or occurrence" as used in Fed. R. Civ. P. 13(a)); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (applying "logical relationship" test under Fed. R. Civ. P. 20); *Schulke v. Stryker Orthopaedics*, No. 16 C 2563, 2016 WL 3059114, at *2-2 (N.D. Ill. May 31, 2016) (Durkin, J.) (addressing a situation similar to this one; collecting cases); *Stephens v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 382-85 (D. Md. 2011) (same). *See generally United States v. State of Mississippi*, 380 U.S. 128, 142-43 (1965) (allowing related claims against different defendants as part of one suit).

It is likely true, as Ethicon argues, that the medical defendants are not necessary or indispensable parties under Federal Rule of Civil Procedure 19 with regard to Hullett's claims against Ethicon. But that does not *require* severance of the two sets of claims. Severance, which is governed by Federal Rule of Civil Procedure 21, is discretionary, as Ethicon concedes. Mem. in Support of Defs.' Mot. to Sever at 8. Specifically, a court "has the discretion to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (quoting *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)). Claims are discrete and separate if each is capable of resolution despite the outcome of the other, as distinguished from claims that are "factually interlinked, such that a separate trial may be appropriate, but

final resolution of one claim affects the resolution of the other." *Gaffney*, 451 F.3d at 442.

The Court is not persuaded that severance of the claims against the two groups of defendants is appropriate here. The Court cannot say it much better than Judge Durkin did in *Schulke*, so it will quote his decision here:

> The "authority to dismiss a dispensable nondiverse party . . . should be exercised sparingly," with careful consideration for any prejudice severance may cause to parties to the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989).
>
> Severance here would not be just. In separate actions, the defendants could exploit an "empty chair" defense not available in a joint trial. *See Tinsley v. Streich, MD*, 2015 WL 7009488, at *9 (W.D. Va. Nov. 12, 2015). Although it is possible that each jury could find the defendants jointly and severally liable, it is also possible that a jury could find in favor of each in-court defendant, thus exposing [plaintiff] to the risk of inconsistent judgments and incomplete recovery. *See Echols v. Omni Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okl. 2010). Severance would also require [plaintiff] to litigate on two fronts in two separate courts with duplicative discovery and all the cost and delay that entails. *See Bostic v. Glaxosmithkline*, 2015 WL 84868181, at *2 (E.D. Ky. Dec. 9, 2015). The overlap between the two cases would mean that [plaintiff] would have to double its efforts. *See Johnson v. Bartley*, 2015 WL 5612251, at *2 (E.D. Ky. Sept. 21, 2015).

*Schulke*, 2016 WL 3059114, at *3.

It is true that here, unlike in *Schulke*, claims against Ethicon involving surgical mesh are part of a multi-district litigation (MDL) proceeding pending in another district. But severance of Hullett's claims against Ethicon and transfer of those claims to the MDL proceeding would not eliminate the need for Hullett to conduct duplicative discovery; to the contrary, it would require her to litigate in two different states, thus adding significantly to her costs. The other prejudicial factors that Judge Durkin identified in *Schulke* would also continue to exist. The prejudice to Hullett that would

4

result from transfer is not outweighed by Ethicon's interest in consolidating mesh-related claims against it in a single forum.[1] Finally, as Judge Durkin stated in *Schulke*:

> [A] plaintiff is generally the master of his complaint and can choose who he wants to sue (subject to rules of joinder of necessary parties) wherever there is jurisdiction to sue them. Here, [plaintiff] chose to sue all defendants together in state court. There was no fraudulent or bad faith joinder of a plainly irrelevant party for the sole purpose of destroying diversity. The defendants are properly joined here and severing them would be prejudicial to [plaintiff's] case, both logistically and substantively. There is no thus good reason to contravene [plaintiff's] choice of parties and forum.

*Id.* at *4.

## Conclusion

For the reasons stated above, the Court denies Ethicon's motion to sever [dkt. no. 6]. And because there are Illinois citizens on both sides of the case and (for the reasons just discussed) no fraudulent joinder or misjoinder of the medical defendants, there is no basis for federal subject matter jurisdiction. Removal was therefore inappropriate. The Court remands the case to the Circuit Court of Cook County and directs the Clerk to transmit the remand order forthwith. The ruling date of November 14, 2017 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 13, 2017

---

[1] The Court notes that it is likely that Ethicon has already faced and will continue to face mesh-related claims that have to be litigated in state court and cannot be part of the MDL even though it has no co-defendants, specifically, claims against Ethicon by citizens of the state in which Ethicon is incorporated and has its principal place of business. This happens in virtually all product liability-related MDLs, including a large MDL proceeding over which this Court is presiding, *In re Testosterone Replacement Therapy Prods. Liability Litig.*, MDL No. 2545 (N.D. Ill.), in which claims against various defendants remain in and are being litigated in state court for this same reason. This adds a layer of complexity to an MDL proceeding but, in the Court's experience, does not typically undermine the interests served by MDL consolidation.

5